*C. Flint Spear et al* v. *Charles Wardell et al.* S. P. NASH, for complainants; H. F. CLARK, for defendants. This case came before the court upon an application by the defendant H. B. Wardell to dissolve an injunction; and upon a cross motion on the part of the complainants for the appointment of a receiver. The Chancellor decided that the assignee of a debtor's property under the 16th, 17th and 18th sections of the non-imprisonment act of April 1831 takes such property as a trustee for the benefit of all the creditors of the assignor rateably; and not for the benefit of the particular creditor who has sued out a warrant against the assignor; or even for the particular class of creditors who were in a situation to sue out a warrant against him. In other words the act is based upon the principle that equality among creditors, in the case of an insolvent debtor, is equity. And the fraudulent debtor, pending the proceedings against him by one or more creditors for an actual or intended fraud, is not permitted to assign or dispose of his property, or any part of it, for the purpose or with a view to give a preference to other creditors. But he is to be discharged from imprisonment upon paying or securing the payment of the

Rights of an assignee under non-imprisonment act.

During the pendency of proceedings against a debtor for fraud, under der act of April, 1831, he cannot give preferences.

creditors who have proceeded against him; or retaining his property in its then situation until they have had a reasonable time to exhaust their remedies at law and to file a creditor's bill to reach his property; or upon making an assignment of his property to such assignee as may be appointed for that purpose by the judge before whom the proceedings are had, for the benefit of all his creditors rateably.

It is not a fraud upon the act, *it seems,* for the debtor, pending the proceedings against him, to make a general assignment of all his property, with proper inventories showing the particulars thereof and the names of his creditors with the amounts due to them respectively, to a proper and responsible assignee, for the benefit of all his creditors rateably; giving to such assignee the same authority to convert the property into money and to apply it to the payment of his debts, and for the same compensation which an assignee appointed under the act would be entitled to. *It is not a fraud upon the act for a debtor to make a general assignment.*

But any other disposition of his property would be a fraud upon the act, and would render the assignment void as against the prosecuting creditors. And the debtor who has been guilty of such a fraud ought not to be discharged from imprisonment on making a mere formal assignment of his property afterwards. *What is a fraud upon the non-imprisonment act.*

Creditors by judgment merely cannot file a bill in this court to set aside an assignment by the judgment debtor, even though it is in fact fraudulent as against them. If such an assignment embraces any real estate upon which the judgment was a lien, it will not prevent the judgment creditors from selling the property under execution upon their judgment, which judgment, upon its face, overreached the assignment. And as to personal property, judgment creditors cannot file a bill to set aside an assignment thereof, until an execution has been issued and returned unsatisfied. *Right of judgment creditors to apply to set aside assignment.*

Order to dissolve injunction. Motion for receiver denied, with $15 costs.